703 A.2d 330

PATRICIA VENNER, PLAINTIFF–APPELLANT, v. ALLSTATE, CSC, NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION AND THE MARKET TRANSITION FACILITY AT MOUNT LAUREL, DEFENDANT–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted November 18, 1997—Decided December 10, 1997.

Before Judges CONLEY, WALLACE and CARCHMAN.

*Patricia Venner,* appellant pro se.

*Mary Ann Yuengling,* attorney for respondents.

The opinion of the court was delivered by

CARCHMAN, J.S.C. (temporarily assigned).

Plaintiff Patricia Venner appeals from an order of the Law Division Special Civil Part allowing attorney's fees to defendant CSC in the amount of $1,355 pursuant to *N.J.S.A.* 2A:15–59.1. We reverse and conclude that 1) the award was made on an inadequate record, and 2) the application for relief was not timely.

Plaintiff was involved in an automobile accident on June 9, 1992, resulting in the other driver's car being declared a total loss. Plaintiff received the following motor vehicle summonses: failure to stop, *N.J.S.A.* 39:4–144; careless driving, *N.J.S.A.* 39:4–97; leaving the scene of an accident, *N.J.S.A.* 39:4–129; and failure to report an accident, *N.J.S.A.* 39:4–130.

Plaintiff claimed to be covered by a policy allegedly issued by defendant Allstate Insurance Company and serviced by defendant CSC [1]. The policy was issued on June 27, 1991 and expired on

---

[1] The policy in question was actually issued by the Market Transition Facility (MTF) and New Jersey Full Insurance Underwriting Authority (NJFIUA).

June 27, 1992. Plaintiff made a payment on account of the policy on April 9, 1992 which was accepted by CSC but, nevertheless, she acknowledges she received a "nonrenewal" notice on April 21, 1992.

According to defendants, after plaintiff received the traffic summonses, she apparently contacted CSC and requested a defense to the municipal court complaints filed against her. Plaintiff was "informed" that there was no coverage for these complaints and later was "advised" that if she continued to pursue the matter, "she would be expected to pay the attorney's fees as her claim was frivolous." In June 1995, plaintiff filed an action against Allstate in the Special Civil Part seeking damages for "breach [of] its duty by not providing me with an attorney to argue for my defense after I was accused of causing an accident." An attempt to resolve the matter through arbitration was unsuccessful, except plaintiff claims that she was advised by the arbitrator to amend her complaint and join CSC as a party-defendant. She did so, and a default judgment, later reopened, was entered against CSC. The matter proceeded to trial, and the trial judge concluded that plaintiff was not entitled to coverage for the municipal court defense.[2] The complaint was dismissed on March 22, 1996. Sometime in August or September, 1996, CSC moved for fees under *N.J.S.A.* 2A:15–59.1. The trial judge, in awarding fees, stated:

THE COURT: The frivolous nature of the claim is not whether or not there was coverage, but whether or not the insurance carrier owed, in municipal court, defense to Ms. Venner, and there is no evidence at all in this case where any of the related matters that the policy in any way would entitle Ms. Venner to legal counsel or any representation at municipal court. The policies just don't cover that. I find that Ms. Venner was made aware of that, even though, in fact, she may not have clearly understood that particular issue. And, it was that matter that she continued to pursue. And a reading of the policy would tell Ms. Venner that she's not entitled to municipal court representation. That's separate and aside from the issue of whether or not there's valid coverage. I don't need to address

---

[2] We are reciting the facts as described by the parties in their briefs since the record on this appeal is so inadequate, a matter which we address *infra*.

that issue at all. Judge Lebon addressed the coverage issue, I'm going to address the frivolous complaint issue.

And, I find under the circumstances that—and a careful and proper reading of the policy would indicate that Ms. Venner knew, and should have known that there was no coverage, the type of—for which she sought representation, and therefore, the claim is a frivolous one, and counsel fees are appropriate in this case, and I will award them.

We conclude that the fees should not have been awarded absent a competent and complete record before the motion judge which would warrant such an award.

## I.

We must first comment on the lack of a full record before us. Plaintiff, as appellant, was required to comply with *R.* 2:6–1(a) which requires that "*the pleadings*" as well as "such other parts of the record ... as are essential to the proper consideration of the issues, including such parts as the appellant should reasonably assume will be relied upon by the respondent in meeting the issues raised," *R.* 2:6–1(a)(8), be included in the appendix. Among other documents which are missing, the notice of motion for the frivolous fee application which prompted the award and this appeal is not included in this record.

While plaintiff's status as a pro se litigant in no way relieves her of her obligation to comply with the court rules, defendant, as respondent, has a similar obligation. Where an appellant has not complied with *R.* 2:6–1, a respondent is to include the parts of the record necessary to complete the record. *R.* 2:6–3. We raise this issue not only to point out an obvious deficiency in the record but to raise a matter of equal concern. The record before us should consist *only* of those filings in the court below. *R.* 2:5–4(a). Defendant's appendix contains a document entitled "Recorded Interview with Taran Kenton and Patricia Venner." In addition, certain insurance company records are included in defendant's appendix which contain no notation that they were part of the record below or considered by either the motion judge or the trial judge. Likewise an excerpt from the

policy, included in defendant's appendix, is devoid of any marking indicating that it previously had been submitted to the motion judge as part of the record below. *See R.* 2:6–1(b) and (c).

We make mention of these issues because if not part of the record below, we cannot consider these matters. If part of the record below, we cannot find an appropriate reference to demonstrate how these items were presented to the motion judge in a competent manner.

We have additional concerns. Defense counsel's certification filed in support of the motion for fees fails to comply with *R.* 1:6–6. The certification is hearsay and not based on the affiant's personal knowledge of the facts. Unless based on the affiant's personal knowledge, the facts set forth in the certification should not have been considered by the motion judge. *Cafferata v. Peyser,* 251 *N.J.Super.* 256, 264, 597 *A.*2d 1101 (App.Div.1991) ("[t]hese irregularities in counsel's papers went to the essence of defendants' preclusionary defense and obfuscated the merits of the issue in the trial court. They were altogether improper and should have been stricken."). More importantly, we do not see any indication that the motion judge had before him either the insurance policy or any information which could lead to the conclusion that "plaintiff knew or should have known that there was no coverage." Merely because an insurance carrier suggests to a policy holder that there is no coverage and threatens an action for fees is not dispositive of the issue. To a lay person, the obligation to "defend" can easily be interpreted by that person to extend to a municipal court appearance arising out of that same accident. While we do not suggest that there was any such obligation, we cannot conclude that, standing alone, testing the "defense" issue before a court warrants a determination that such action is frivolous simply because an insurance company says that it is frivolous.

We previously noted that neither plaintiff nor defendant failed to include a copy of the notice of motion for relief in the appendix filed with this court. We surmise from the date of counsel's

certification (August 1996) that the notice was filed either during the latter part of August or the beginning of September 1996. The timing is important because of the effective date of the amended *R.* 1:4–8 which governs the awarding of counsel fees for frivolous litigation. For the applicability of *R.* 1:4–8 to pro se litigants, *see* Pressler, *Current N.J. Court Rules,* comment on *R.* 1:4–8(f)(for the purposes of this rule, pro se litigants are regarded as lawyers); *McKeown–Brand v. Trump Castle Hotel & Casino,* 132 *N.J.* 546, 549, 626 *A.*2d 425 (1993) ("We decline to extend the statute to apply to the award of counsel fees and costs against attorneys."); and the "window of opportunity" to dismiss the "frivolous action" provided for in *R.* 1:4–8(b)(1). However, either under the statute or rule, the record before the motion judge was insufficient and since hearsay, incompetent.

█ As we read the record, it appears to us that the motion judge only had a copy of the small claims complaint, an order dismissing the small claims action, bills for services rendered and a letter from Deborah Vitagliano, a MTF and NJFIUA claims adjuster demanding payment of counsel fees, together with a hearsay certification. The motion judge did not have before him competent first-hand knowledge of the facts of plaintiff's case. And there were additional deficiencies.

The statute mandates the terms and content of a movant's affidavit of services.

> c. A party ... seeking an award under this section shall make application to the court which heard the matter. The application shall be supported by an affidavit stating in detail:

> (1) The nature of the services rendered, the responsibility assumed, the results obtained, the amount of time spent by the attorney, any particular novelty or difficulty, the time spent and services rendered by secretaries and staff, other factors pertinent in the evaluation of the services rendered, the amount of the allowance applied for, an itemization of the disbursements for which reimbursement is sought, and any other factors relevant in evaluating fees and costs; and

> (2) How much has been paid to the attorney and what provision, if any, has been made for the payment of these fees in the future.

> [*N.J.S.A.* 2a:15–59.1(c) ]

Other than an attachment of bills from another law firm, no affidavit satisfying this requirement was provided to us on this appeal and presumably not to the motion judge as well.

## II.

We also are concerned that the application for relief under *N.J.S.A.* 2A:15–59.1 was not filed in a timely manner. As we previously noted, the underlying action giving rise to the fee application was dismissed on March 22, 1996. The motion for fees was filed in August 1996 at the earliest and heard in November 1996.

In *Czura v. Siegel,* 296 *N.J.Super.* 187, 686 *A.*2d 390 (App.Div. 1997), we held that an application for counsel fees under *N.J.S.A.* 2A:15–59.1 must be filed either before the entry of judgment or "possibly, at the latest, within ten days thereafter by a motion to alter or amend the judgment." *Id.* at 190, 686 *A.*2d 390; *R.* 4:49–2 and *see also R.* 1:4–8(b)(2)("[a] motion for sanctions shall be filed with the court prior to the entry of final judgment....") The application before the motion judge was not timely filed.

We are mindful of the salutary purpose of *N.J.S.A.* 2A:15–59.1 to deter frivolous litigation, but we must be careful and vigilant not to allow the statute to be a counter-balance to our general rule that each litigant bears his, her or its litigation costs even where there is litigation which is of marginal merit. As we observed in *Iannone v. McHale,* 245 *N.J.Super.* 17, 28, 583 *A.*2d 770 (App.Div. 1990) "the counsel fee sanction must not be made available for every litigation infraction."

Reversed.