**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1740
_____

PHILIP SELDON; MAGAZINE EMPORIUM, INC.; SILENCE IS GOLDEN
FOUNDATION, INC.; BIRDDOG ASSOCIATES INC.; PHILIP SELDON AS THE ALTER
EGO OF MAGAZINE EMPORIUM, INC., SILENCE IS GOLDEN FOUNDATION, INC.,
BIRDDOG ASSOCIATES INC.

v.

REBENACK, ARONOW & MASCOLO, LLP; JAY MASCOLO

Philip Seldon,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-12-cv-05283)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: September 25, 2013)
_____

OPINION
_____

PER CURIAM

Philip Seldon appeals from the District Court's order granting Rebenack, Aronow & Mascolo, LLP's, and Jay Mascolo's (collectively, "Mascolo") motion to dismiss. For the following reasons, we will affirm.

I.

The facts being well known to the parties, we set forth only those that are pertinent to this appeal. Seldon filed a complaint against Mascolo, asserting legal malpractice claims and seeking compensatory and punitive damages. Mascolo timely filed an answer to the complaint, which included a demand for the service of an affidavit of merit pursuant to N.J. Stat. Ann. § 2A:53A-27. (Supplemental App., pp. 30, 35.) Seldon did not serve an affidavit of merit within 120 days after the answer was filed, and Mascolo moved to dismiss the complaint on that basis.

The District Court first determined that, although Seldon placed the affidavit of merit in the mail, it was not properly served because he admittedly failed to affix the proper amount of postage to the envelope. (Dkt. No. 16, pp. 2-3.) Further, the District Court found that "an inadvertent error in affixing postage" did not rise to the level of an extraordinary circumstance that would excuse compliance with the affidavit of merit requirement. (Id. p. 3.) Finally, the District Court concluded that Seldon did not substantially comply with the statute because Mascolo was not otherwise put on notice of the merits of the legal malpractice claims. Because, under New Jersey law, the failure to provide an affidavit of merit constitutes a failure to state a cause of action, Seldon's complaint was dismissed with prejudice. (Dkt. No. 16, p.

2

4.) Seldon timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. §1291.[1] We exercise plenary review over a District Court's decision granting a motion to dismiss. Heffernan v. Hunter, 189 F.3d 405, 408 (3d Cir. 1999).

The New Jersey affidavit of merit statute requires the plaintiff in a malpractice action to provide the defendant, within sixty days after the answer is filed (or 120 days if the court grants an extension for good cause), with "an affidavit of an appropriate licensed person that there exists a reasonable probability" that the care which is the subject of the complaint falls outside acceptable professional standards. N.J. Stat. Ann. § 2A:53A-27. In lieu of an affidavit, the plaintiff may provide a sworn, written statement that, after written request, the defendant failed to provide the plaintiff with records that have a substantial bearing on the preparation of the affidavit. N.J. Stat. Ann. § 2A:53A-28. Failure to provide either the affidavit or the sworn statement warrants dismissal "for failure to state a cause of action." N.J. Stat. Ann. § 2A:53A-29. Here, the District Court correctly dismissed Seldon's complaint with prejudice because he failed to submit an affidavit of merit as required by New Jersey law.

We agree with the District Court's conclusion that Seldon did not properly serve the affidavit of merit because he admitted that he did not affix the proper postage to the envelope. See State v. Eatontown Borough, 841 A.2d 990, 998 (N.J. Super. Ct. App. Div. 2004)

---

[1] We only have jurisdiction over the District Court's order dismissing Seldon's complaint with prejudice, as he did not timely file a notice of appeal or an amended notice of appeal from its order denying his subsequent motion for reconsideration.

(presumption that mail "properly addressed, stamped and posted" was received by addressee only applies if proper postage was affixed). Nor did Seldon substantially comply with the affidavit of merit statute, because he did not take a "series of steps" to notify Mascolo "about the merits of the malpractice claims filed against" them. Palanque v. Lambert-Woolley, 774 A.2d 501, 506 (N.J. 2001); see also Alan J. Cornblatt, P.A. v. Barow, 708 A.2d 401, 411 (N.J. 1998) (doctrine of substantial compliance invoked so that technical defects will not defeat a valid malpractice claim).

The main issue before us, then, is whether extraordinary circumstances excused Seldon's failure to properly serve the affidavit. What constitutes an "extraordinary circumstance" is a fact-sensitive analysis; in short, the circumstances must be "exceptional and compelling." Chamberlain v. Giampapa, 210 F.3d 154, 162 (3d Cir. 2000) (citation omitted). Seldon argues that Mascolo's assistant did not inform him that the affidavit of merit was outstanding, which constitutes an extraordinary circumstance. (Appellee's Br. at pp. 6, 8.) He also argues that the District Court's failure to hold a Ferreira conference[2] within ninety days of Mascolo's filing an answer constitutes an extraordinary circumstance, because had the conference taken place, Seldon would have been aware that the affidavit of merit was not served. (Id. p. 11.)

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779, 780 (N.J. 2003) (requiring case management conferences early in malpractice cases "to ensure compliance" with discovery and affidavit of merit statute).

Seldon's argument which places blame on Mascolo's assistant is meritless.[3]  Neither Mascolo nor Mascolo's assistant were required to advise Seldon on the law pertaining to his case.  Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 997 A.2d 982, 987 (N.J. 2010) ("[P]arties are presumed to know the law and are obliged to follow it.") (citations omitted); see also Venner v. Allstate, 703 A.2d 330, 332 (N.J. Super. App. Div. 1997) (pro se status does not relieve obligation to comply with court rules).  As Mascolo correctly points out, it had "no legal obligation to be responsible for the handling of Seldon's case or to remind Seldon of approaching deadlines."  (Appellants' Br. p. 19.)  No extraordinary circumstances existed in this case that would excuse Seldon's failure to file the requisite affidavit of merit.

### III.

For the foregoing reasons, we will affirm the District Court's order dismissing Seldon's complaint with prejudice.

---

[3] Seldon's argument pertaining to the scheduling of the Ferreira conference is not within the scope of this appeal because it was only raised in his second post-decision motion for reconsideration, which was filed and disposed of well after this appeal was taken.  See Fed. R. App. P. 4(a)(4).  Even if we could consider the argument, the law in New Jersey is clear that the failure to schedule a Ferreira conference has no effect on the time limits set forth in the affidavit of merit statute.  See Paragon, 997 A.2d at 987  ("[T]he absence of a Ferreira conference cannot toll the legislatively prescribed time frames.").