**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3172-19

ROBERT SMALL,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted April 12, 2021 – Decided May 6, 2021

Before Judges Messano and Suter.

On appeal from the New Jersey Department of Corrections.

Robert Small, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Following our remand, petitioner Robert Small, an inmate at South Woods State Prison (SWSP), appeals the November 25, 2019 final agency decision by the Department of Corrections (Department), denying his claim for reimbursement for lost, damaged or destroyed property. We affirm.

I.

On June 28, 2018, petitioner submitted an "Inmate Claim for Lost, Damaged or Destroyed Personal Property" form, seeking reimbursement for a pair of sneakers, a few items of clothing and two books. The claim totaled $114.32. Petitioner alleged he recently purchased the items at the commissary and would provide the receipts when he could copy them. He alleged his property was taken after he was transferred to detention. The claim did not list witnesses. Petitioner indicated this was a follow-up claim from March 21, 2018, because his earlier one was not answered.

On July 7, 2018, petitioner submitted a second claim. This one requested reimbursement of $816.64 for a word processor, storage bins and a JP-5 tablet, claiming these were damaged by a second shift corrections officer when he searched petitioner's cell on July 7, 2018. Petitioner listed two witnesses: Abdul Fraser and "Jay." The claim stated petitioner purchased the word processor from a business in Trenton. The storage bins were purchased

at the prison. The JP-5 tablet was purchased from the "J-pay system." His claim form stated he had an inventory sheet to verify purchase of the two storage bins and a receipt for the word processor. Petitioner indicated he would send copies of these when he made them.

The claims were investigated. In a memorandum dated August 1, 2018, the investigating sergeant recommended denial of both claims. Citing the SWSP Handbook, the memorandum provided that an inmate "shall be responsible for his own personal property and shall keep personal property at his or her own risk." The investigating sergeant recommended denial of the claims because petitioner "failed to demonstrate that this institution was negligent in the handling or storage of his property." Petitioner also failed to prove ownership or possession of the property because he did not submit supporting documentation as required by the Handbook. The memorandum stated that "[i]nmates retain personal property at their own risk." Any unsecured property was at risk and did not "constitute negligence on custody's part."

On August 14, 2018, the prison's administrator denied petitioner's claims for reimbursement, finding that petitioner "failed to demonstrate that [SWSP] was negligent in the handling or storing of your property." Petitioner also did

not document ownership of the items as required by the Handbook. The Administrator found petitioner's claims had "no merit."

Petitioner appealed the final decision. The Department filed a motion requesting a remand so that the claims could be reinvestigated. On November 27, 2019, we remanded the case, directing completion of the investigation within ninety days. We did not retain jurisdiction. <u>Small v. Dep't of Corr.</u>, No. A-0292-18 (App. Div. Nov. 27, 2019).

SWSP reinvestigated the claims. Abdul Frazier, the person named by petitioner as the witness to the alleged vandalism on July 7, provided a statement that he did not recall the incident. The other witness could not be identified because petitioner identified him only by a nickname and cell number. The officer accused of damaging petitioner's property, provided a statement that petitioner's property was not damaged when he searched the cell for contraband.

Petitioner was interviewed. He provided a typewritten statement that listed the items for which he sought reimbursement and stated there were receipts or inventory sheets to support these claims. He did not provide these with his statement.

On April 1, 2020, petitioner requested that we reopen his appeal, advising there was "inaction" by the Department on his claims for reimbursement. The appeal was reopened under a new docket number.

Petitioner appeals the November 25, 2019 final agency decision. He raises the following arguments:

> POINT I.   The Final Administrative Decision is a standard response to all Inmates' Property Claim Forms, and is completely outdated, unrealistic, and is utterly irrelevant to this matter.

> POINT II.   The defendants in this matter failed to conduct a meaningful investigation to verify that Mr. Small was authorized to possess, and in fact owned, the items in question, as required by N.J.A.C. 10A:2-6.1(b).

> POINT III.   The defendants failed miserably to comply with N.J.A.C. 10A:2-6.1(b), which was erected to safeguard prisoners' Due Process Right[s].

> POINT IV.   The Due Process Clause of the Fourteenth Amendment protects a prisoner's life, liberty, and property.  The failure to comply with N.J.A.C. 10A:2-6.1(b) violates Mr. Small's Fourteenth Amendment Right[s].

## II.

Our review of an administrative agency's final decision is limited. Kadonsky v. Lee, 452 N.J. Super. 198, 201-02 (App. Div. 2017) (citing In re Stallworth, 208 N.J. 182, 194 (2011)).  "We will not reverse an agency's

5

judgment unless we find the decision to be 'arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole.'" Id. at 202 (alteration in original) (quoting Stallworth, 208 N.J. at 194). We are not, however, bound by the "agency's 'interpretation of a statute or its determination of a strictly legal issue.'" Ibid. (quoting L.A. v. Bd. of Educ., 221 N.J. 192, 204 (2015)).

Under N.J.A.C. 10A:2-6.1(a) an inmate must file a claim for lost, damaged or destroyed property with the administrator or designee.[1] Claims are investigated by:

> 1. Obtaining statements from the inmate, witnesses and correctional facility staff; and
>
> 2. Verifying that the inmate was authorized to have and did in fact, possess the personal property named in the claim.
>
> 3. Verification of possession of lost, damaged or destroyed personal property may be made by review of applicable documentation such as the IIS–1M Inmate Inventory Sheet maintained by the correctional facility (see N.J.A.C. 10A:1–11).
>
> [N.J.A.C. 10A:2-6.1(b)(1) to (3).]

---

[1] The regulations were amended after petitioner submitted his claims but before the reinvestigation. The amended regulations were effective September 4, 2018. 50 N.J.R. 1964(a) (Sept. 4, 2018). The changes are not material to this appeal.

When a claim is denied, it is not further processed. N.J.A.C. 10A:2-6.1(f).

We are satisfied from the record that the administrator's denial of these claims was not arbitrary, capricious or unreasonable. The record shows petitioner's claims were investigated and then reinvestigated. His witness was interviewed and did not support the claim that petitioner's property was damaged by an officer searching his cell. The other potential witness was not adequately identified by petitioner. The names of witnesses that petitioner includes in his appellate brief were not identified in the claim forms.

Petitioner submitted a written statement in support of his claims, but he did not provide the receipts or inventories that he referenced. He included four documents in his appendix to this appeal that he argues supports his claims. It does not appear that these were part of the record before the Department. We decline to consider documents that were not part of the record before respondent. See Venner v. Allstate, 306 N.J. Super. 106, 111 (App. Div. 1997) ("[I]f not part of the record below, we cannot consider these matters."). Even if they were provided, one of the documents is from three years earlier without proof that petitioner still owned the items; another is undated; a third does not explain why it was received a year after the date on the receipt; and the fourth does not indicate the items listed were accepted. None of the other receipts or

7

inventories referenced in petitioner's statement are included in his appendix. The record does not support petitioner's claim that the Department was arbitrary, capricious or unreasonable in denying these claims. Nothing showed negligence by SWSP or that petitioner was in possession of any of these items.

It is simply not the case, as petitioner argues, that the Department is required to safeguard petitioner's personal items or to disprove petitioner's claim of ownership. In this case, the Department conducted the investigation required by administrative regulations. We are satisfied there was substantial compliance with the Department's regulations. We discern no basis to conclude that the Department's decision was arbitrary, capricious or unsupported by credible evidence. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

After carefully reviewing the record and the applicable legal principles, we conclude that petitioner's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3172-19