**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1733-20

A.L.,

     Plaintiff-Respondent,

v.

M.C.L.,

     Defendant-Appellant.

_____

Submitted December 1, 2021 – Decided March 7, 2022

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FV-20-1485-20.

The Bianchi Law Group, LLC, attorneys for appellant (Kayla E. Rowe, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

     Defendant M.C.L. appeals from a final restraining order (FRO), which was entered pursuant to the Prevention of Domestic Violence Act (PDVA),

N.J.S.A. 2C:25-17 to -35.[1]  Defendant argues the trial judge erred in finding plaintiff A.L. had proven the predicate acts of harassment and assault and that the FRO was needed to ensure plaintiff's future protection.  Because the judge's findings were supported by adequate, substantial evidence, including testimony she found credible, we affirm.

I.

We glean these facts from the trial and the pleadings and orders contained in the record.  The parties were married in 2005 and have two daughters who were nine- and twelve-years old when the FRO was issued.  In a May 18, 2020 letter, defendant's lawyer advised plaintiff that defendant would file a complaint for divorce if plaintiff did not contact her within two weeks to discuss resolving amicably "certain matrimonial issues."

On June 5, 2020, plaintiff obtained a temporary restraining order (TRO) against defendant, claiming assault and harassment as predicate acts and alleging she had pushed him and had spat on him that morning.  He also contended she had told him to hit her in an effort to provoke him.  He asserted

---

[1]  We use initials to protect the confidentiality of the participants in these proceedings.  R. 1:38-3(d)(10).

similar incidents had happened in the past. The trial court granted plaintiff leave to amend the complaint to add additional allegations of past domestic violence.

The parties, both represented by counsel, and their children testified during a five-day trial. Plaintiff testified about past domestic-violence incidents and the events of June 5, 2020, stating defendant with her two hands open "had pushed [him] in [his] chest, spit at [him] and said to hit her." According to plaintiff, because she had pushed him, his back hit the granite countertop in the kitchen, causing him to feel pain briefly. Plaintiff also testified he still needed protection because "the only thing that has stopped her is the threat of immediate arrest . . . ." On cross-examination, plaintiff denied or did not recall any occasions in which he committed domestic-violence acts against defendant.

Defendant denied speaking to plaintiff on June 5, 2020, testified she did not recall seeing him that day or speaking with him any time that week, and denied other alleged domestic-violence incidents. She admitted breaking a bedroom mirror and a sign in their house, tearing a photo of plaintiff's grandparents and that on another occasion she "very well may have" told plaintiff to "drop dead." She accused plaintiff of pushing her several times in the past and testified about times he had yelled at her and called her names and had engaged in domestic-violence acts against her.

A-1733-20

At the conclusion of the trial, the judge granted plaintiff's FRO application, placed her decision on the record, and issued the FRO. The judge found plaintiff to be credible. She found defendant's testimony "at points . . . not credible," noting defendant had "continually laughed and smirked" and that her "ongoing laughing, rolling of eyes, complete[ly] inappropriate reactions during the testimony of [plaintiff] weighed against her credibility in this matter." The judge found "telling" that defendant was "laughing while the[ir] daughter . . . testif[ied] that her mother calls her father a piece of shit all the time." Defendant's "troubling" behavior during the trial "couple[d] . . . with the testimony and how she testified" and her "complete disregard" for "the seriousness of what's happening here" caused the judge "to question her veracity."

The judge also did not find the parties' daughters to be credible. Noting it was "not that [the girls] didn't try" during their testimony, the judge concluded defendant "[c]learly" had "previously . . . discuss[ed] this [trial] with them." Defendant was "mouthing and talking and nodding while the girls were testifying."

The trial judge held defendant had committed an assault by "spitting in [plaintiff's] face" as well as "push[ing] [plaintiff] against the counter." She also

4

found by a preponderance of the evidence defendant had intended to harass and had harassed plaintiff because "she reaches her breaking point. And she explodes," "she's upset, she's angry, she's had it, she's frustrated, she's annoyed, it's ongoing and it's constant. And it happens continually." The trial judge further underscored "[t]his is way beyond what could possibly be considered ordinary domestic contretemps" and "it is with a purpose to harass when you look at the totality of the circumstances." Even when "the predicate act as here may not . . . be the most egregious of acts," the judge found when placed in "context of all the prior history, it can indicate the harassment." Finding a need to protect plaintiff from future domestic violence given defendant's "ongoing harassment [and] . . . abuse of [plaintiff]" and that "the only time it stopped is when [plaintiff] finally got this restraining order," the judge entered the FRO.

In this appeal, defendant argues the trial court based its decision on factual findings that were not supported by the record, faulting the court for finding credible plaintiff's testimony and not credible defendant's testimony about prior abuse.

II.

The scope of our review is limited in an appeal involving an FRO issued after a bench trial. C.C. v. J.A.H., 463 N.J. Super. 419, 428 (App. Div. 2020).

"We accord substantial deference to Family Part judges, who routinely hear domestic violence cases and are 'specially trained to detect the difference between domestic violence and more ordinary differences that arise between couples.'"  Ibid. (quoting J.D. v. M.D.F., 207 N.J. 458, 482 (2011)). "[D]eference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'"  MacKinnon v. MacKinnon, 191 N.J. 240, 254 (2007) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)).  "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence."  Cesare, 154 N.J. 394, 411-12 (1998); see also Gnall v. Gnall, 222 N.J. 414, 428 (2015).  We defer to a trial judge's factual findings unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."  Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)); see also C.C., 463 N.J. Super. at 428.  We defer to a trial judge's credibility determinations. Gnall, 222 N.J. at 428.  We review de novo a trial judge's legal conclusions. C.C., 463 N.J. Super. at 429.

The entry of an FRO under the PDVA requires the trial court to make certain findings pursuant to a two-step analysis delineated in Silver v. Silver,

387 N.J. Super. 112, 125-27 (App. Div. 2006). Initially, the court "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125 (citing N.J.S.A. 2C:25-29(a)). Harassment and assault are among the predicate acts included in N.J.S.A. 2C:25-19(a). See N.J.S.A. 2C:25-19(a)(2), (13). Second, the judge must determine whether a restraining order is necessary to protect the plaintiff from immediate harm or further acts of violence. Silver, 387 N.J. Super. at 127.

A person commits harassment "if, with purpose to harass another," he or she: (a) "[m]akes, or causes to be made, one or more communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;" (b) "[s]ubjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so;" or (c) "[e]ngages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person." N.J.S.A. 2C:33-4(a) to (c).

A person commits assault "if the person: (1) [a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (2) [n]egligently causes bodily injury to another with a deadly weapon; or (3)

[a]ttempts by physical menace to put another in fear of imminent serious bodily injury." N.J.S.A. 2C:12-1(a)(1) to (3).

Applying these standards, we are satisfied the judge's issuance of an FRO is supported by substantial credible evidence in the record. Plaintiff's testimony regarding the events of June 5, 2020, supported the judge's finding of the predicate acts of assault and harassment. Plaintiff's testimony and even some of defendant's testimony supported a finding of past domestic-violence acts by defendant and a need to protect plaintiff from future domestic violence. The judge's credibility findings — adopting plaintiff's narrative of the events over that of defendant's — were extensive and detailed and are entitled to our deference on appeal. We are unpersuaded by defendant's criticisms of the judge's assessment in that regard.

We note defendant, months after filing her appellate brief and without leave to supplement the record, submitted a letter from her lawyer, an amended FRO dated June 9, 2021, and a June 9, 2021 order with an attached statement of reasons issued in the parties' matrimonial litigation. According to defendant's counsel, the amended FRO contains changes in parenting time, from which defendant does not appeal, and was submitted "for procedural completeness and so that the scope of the appeal is clear." The matrimonial-litigation order and

A-1733-20

defense counsel's letter were not before the trial court in this domestic-violence case, and, accordingly, are not subject to our consideration. See R. 2:5-4(a); Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION