**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the
internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-000171-21

C.G.,

    Plaintiff-Appellant,

v.

APPLEBEES BAR AND
GRILL INC., DOHERTY INC.,
and CAESER GONZALES,

    Defendants-Respondents.

_____

          Argued March 9, 2022 – Decided July 20, 2022

          Before Judges Messano, Accurso and Rose.

          On appeal from the Superior Court of New Jersey,
          Law Division, Morris County, Docket No. L-1157-21.

          Mark Mulick argued the cause for appellant.

          Dena B. Calo argued the cause for respondent Doherty
          Management Services, LLC (Saul Ewing Arnstein &
          Lehr LLP, attorneys; Dena B. Calo and Zachary M.
          Kimmel, on the brief).

PER CURIAM

Plaintiff C.G. appeals pursuant to Rule 2:2-3(a) from an order dismissing her hostile work environment complaint against Doherty Management Services, LLC (improperly pleaded as "Applebees Bar and Grill Inc." and "Doherty Inc.") and one of its employees, Caesar Gonzales, and compelling arbitration.[1] She raises only one issue — that the trial court erred in converting Doherty's motion to dismiss, which she contends was brought pursuant to Rule 4:6-2(e), to a motion to dismiss pursuant to Rule 4:6-2(a) and refusing to treat it as a motion for summary judgment when the court was presented and considered the operative arbitration agreement, a document outside the pleadings. As plaintiff has not identified any factual dispute, and concedes she signed the arbitration agreement submitted on the motion when she applied for employment, we find the error, if there was one, harmless. We accordingly affirm the order compelling arbitration.

The critical facts are easily summarized. Plaintiff began working for Doherty shortly after she graduated from high school. She avers she is a lesbian and was harassed nearly every day of the nearly seven years she worked as an Applebees server by defendant Gonzales, her supervisor. She alleges Gonzales regularly addressed her with homophobic slurs in the

---

[1] Gonzales did not file an answer and has not participated in this appeal.

A-000171-21

presence of management and staff, and once even physically assaulted her, punching her in the nose in an incident witnessed by a manager and captured on video. She claims Doherty was aware of the abuse and did nothing in response to her complaints.

In opposition to Doherty's motion to dismiss her complaint and compel arbitration, plaintiff objected to the admission of documents attached to a certification by Doherty's counsel, including plaintiff's employment application and signed arbitration agreement from 2014, as well as a 2018 arbitration agreement plaintiff allegedly acknowledged electronically. Although contending the documents were hearsay and should not be admitted on the motion, and that she had not acknowledged the 2018 agreement, plaintiff conceded she signed the 2014 arbitration agreement on August 24, 2014, about five-and-a-half months after her eighteenth birthday, "as part of [her] hiring process."

The arbitration agreement plaintiff signed is captioned "MANDATORY ARBITRATION AGREEMENT" and states, among other things, that "any claim, dispute, and/or controversy . . . arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with Doherty Enterprises" would be

3

subject to arbitration, including "any claims of employment discrimination, harassment, and/or retaliation under Title VII and all other applicable federal, state, or local statute, regulation, or common law doctrine." The agreement further states any claim, dispute, or controversy that "would otherwise require or allow resort to any court or other governmental dispute resolution forum" would "be submitted to and determined exclusively by binding arbitration" controlled by the Federal Arbitration Act and that "[a]ny dispute shall be submitted for resolution to an impartial arbitrator selected under the Rules of the American Arbitration Association." Above the signature line, the agreement states, "I UNDERSTAND BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND DOHERTY ENTERPRISES WAIVE OUR RIGHTS TO TRIAL BY JURY. I FURTHER UNDERSTAND THAT THIS BINDING ARBITRATION AGREEMENT IS A CONTRACT."

Doherty filed a reply brief ignoring its violation of Rule 1:6-6 by submitting a certification of counsel of facts not within her personal knowledge, see Venner v. Allstate, 306 N.J. Super. 106, 111 (App. Div. 1997); Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 1:6-6 (2022) (noting "[a]ffidavits by attorneys of facts not based on their personal knowledge but related to them by and within the primary knowledge of their clients constitute

A-000171-21

objectionable hearsay"), and asserting the motion to dismiss was made generally under Rule 4:6-2, not specifically under Rule 4:6-2(e), and should be considered under Rule 4:6-2(a), lack of subject matter jurisdiction.

At oral argument on the motion, plaintiff's counsel asserted Doherty had not mentioned Rule 4:6-2(a) in its moving papers or initial brief and had cited Rule 4:6-2(e) and was thus estopped from changing its position in its reply papers. Counsel argued the court was required to treat the motion as one for summary judgment under Rule 4:6-2(e), and that summary judgment was inappropriate because plaintiff disputed that she had acknowledged the 2018 arbitration agreement, contending a manager had done so without advising her of the contents.

Counsel also argued plaintiff was barely eighteen when she signed the 2014 arbitration agreement, which he contended was "basically incomprehensible to somebody of that age and education level." He argued there was nothing in the agreement alerting plaintiff to "the limitations of discovery in an arbitration matter," or that she was waiving any right to an appeal, and nothing advising she should seek counsel before signing it. He stressed plaintiff was uncounseled when she signed what was captioned a "mandatory arbitration agreement" and was thus "a young woman . . . being

5

A-000171-21

taken advantage of by an employer to have her lose her right to a jury trial" to "get the job."

Following oral argument, the judge issued a written decision setting out the parties' positions and discussing the controlling cases regarding enforceability of arbitration agreements, including Martindale v. Sandvik, Inc., 173 N.J. 76, 92 (2002) (holding "[t]he insertion of an arbitration agreement in an application for employment simply does not violate public policy"). Noting the strong public policy favoring arbitration agreements as a means of dispute resolution, see Flanzman v. Jenny Craig, Inc., 244 N.J. 119, 133 (2020), the judge found plaintiff was of legal age when she signed the 2014 arbitration agreement, which contained a clear waiver of the right to judicial proceedings and jury trial, submitting it as part of her employment application, and thereby demonstrating in the judge's words, "a mutual assent to contract," see Skuse v. Pfizer, Inc., 244 N.J. 30, 48, 70 (2020). The judge rejected plaintiff's procedural argument, relying on Hoffman v. Supplements Togo Mgmt., LLC, 419 N.J. Super. 596, 611 n.7 (App. Div. 2011), in which we struck a forum selection clause obscured from ready review on the defendant's website but noted "[t]he trial court appropriately considered, with respect to the motion to dismiss for lack of subject matter jurisdiction under Rule 4:6-2(a), matters

outside the pleadings, without converting that specific application to a summary judgment motion.  Cf. R. 4:6-2(e) (requiring such conversion only for motions to dismiss for failure to state a claim under subsection (e) of the Rule)."

As already noted, plaintiff has limited her argument on this appeal to the court's alleged error in refusing to convert Doherty's motion to dismiss to one for summary judgment under Rule 4:6-2(e).  We need not delve into here whether a Rule 4:6-2 motion to dismiss and compel arbitration is more appropriately categorized as a Rule 4:6-2(a) motion to dismiss for lack of subject matter jurisdiction, which permits consideration of matters outside the pleadings without converting the motion to one for summary judgment, or a Rule 4:6-2(e) motion for failure to state a claim, which requires converting the motion to dismiss to one for summary judgment if matters beyond the pleadings are presented.  Arguments can be made for and against both, and we suspect the facts will likely dictate which a court deems more appropriate in any given case.  See Pressler & Verniero, cmt. 4.1.1 on R. 4:6-2 (noting Rule 4:6-2(e) "motions are often complex and consequential in much the same fashion as a motion for summary judgment").

A-000171-21

But regardless of whether the trial court would have considered Doherty's motion under Rule 4:6-2(a), or instead under Rule 4:6-2(e), the result would have been the same. Plaintiff conceded on the motion that she signed the 2014 agreement after she had obtained her majority, and she has sensibly abandoned any claims as to the agreement's unconscionability on appeal, see 539 Absecon Boulevard, L.L.C. v. Shan Enters. Ltd. P'ship, 406 N.J. Super. 242, 272 n.10 (App. Div. 2009) (noting claims not briefed are deemed abandoned); Pressler & Verniero, cmt. 5 on R. 2:6-2 ("It is, of course, clear that an issue not briefed is deemed waived."). Because that uncontroverted fact is dispositive of both the Rule 4:6-2 motion and this appeal, making the dispute over whether plaintiff acknowledged the 2018 agreement inconsequential, we affirm the decision compelling arbitration.

Although we affirm the substance of the trial court's decision, we note it erred in dismissing plaintiff's complaint with prejudice, instead of dismissing it without prejudice, see Blair v. Scott Specialty Gases, 283 F.3d 595, 601-02 (3d Cir. 2002) (order dismissing case without prejudice where all claims were arbitrable was final and immediately appealable); R. 2:2-3(a) ("any order either compelling arbitration, whether the action is dismissed or stayed, . . . shall . . . be deemed a final judgment of the court for appeal purposes"), or

8

staying it, see Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553, 557-58 (App. Div. 2022) (remanding for entry of an amended order compelling arbitration and staying the Law Division action until arbitration completed pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16). We accordingly remand for the limited purpose of the issuance of a corrective order compelling arbitration and dismissing the Law Division action without prejudice or staying the case pending completion of the arbitration. We do not retain jurisdiction.

Affirmed and remanded for entry of a corrective order.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-000171-21