NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0068-23

TYREE DESHAWN MIMS,

     Plaintiff-Appellant,

v.

CITY OF GLOUCESTER,
GLOUCESTER CITY POLICE
DEPARTMENT, AND
GLOUCESTER CITY CHIEF
OF POLICE, BRIAN MORELL,

     Defendants-Respondents.

_____

> **APPROVED FOR PUBLICATION**
>
> **June 25, 2024**
>
> **APPELLATE DIVISION**

Submitted June 4, 2024 – Decided June 25, 2024

Before Judges Sumners, Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2054-23.

Tyree Deshawn Mims, appellant pro se.

Wade Long & Wood LLC, attorneys for respondents (Daniel Howard Long, on the brief).

The opinion of the court was delivered by

PEREZ FRISCIA, J.S.C. (temporarily assigned)

This appeal concerns the threshold requirements for an applicant's waiver of court fees based on indigency. Rule 1:13-2(a), governing proceedings by indigents, was supplemented by the New Jersey Supreme Court's April 5, 2017 order, which established a standard fee waiver application process and criteria. The Court's order authorized the Administrative Office of the Courts to promulgate directives providing "uniform fee waiver request forms" and a standard protocol. See generally Admin. Off. of the Cts., Admin. Directive #03-17, Fee Waivers Based on Indigence (rev. Apr. 20, 2017).

Plaintiff Tyree Deshawn Mims appeals from a July 19, 2023 Law Division order, which denied[1] his motion to proceed as indigent. The court found the required documentation was not provided. On appeal, plaintiff contends his submitted documentation satisfied the eligibility requirements of Rule 1:13-2(a) warranting a waiver of court fees in this action and all future litigation. Because plaintiff did not complete the uniform fee waiver forms and failed to submit the

[1] Although not raised by the parties, we recognize the July 19, 2023 order denying plaintiff's motion to proceed as indigent was effectively without prejudice. While an appeal as of right may be taken to the Appellate Division from "final judgments," R. 2:2-3(a)(1), we nevertheless sua sponte grant leave to appeal nunc pro tunc in the interest of providing expeditious guidance to the bench and Bar on future indigency fee waiver applications. See R. 2:4-4(b)(2); Grow Co. v. Chokshi, 403 N.J. Super. 443, 458 (App. Div. 2008) ("[T]he sole discretion to permit an interlocutory appeal has been lodged with the appellate courts.") (citing Brundage v. Est. of Carambio, 195 N.J. 575, 599-600 (2008)).

required supporting documentation establishing indigency, the trial court properly denied the motion. We affirm.

I.

It is well-established that self-represented litigants shall be provided "a meaningful opportunity to be heard." See Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014). It is also "fundamental that the court system is obliged to protect the procedural rights of all litigants and to accord procedural due process to all litigants." Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982). Notwithstanding these principles, a self-represented litigant is "not entitled to greater rights than [a] litigant[] . . . represented by counsel." Ridge at Back Brook, LLC, 437 N.J. Super. at 99. Further, a self-represented litigant is held to the same standards of compliance with our Court Rules. Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997).

Rule 1:13-2(a) provides, in relevant part:

> [W]henever any person by reason of poverty seeks relief from the payment of any fees provided for by law which are payable to any court or clerk of court . . . , any court upon the verified application of such person, which application may be filed without fee, may in its discretion order the payment of such fees waived.

The Supreme Court's order established standard indigency criteria for reviewing motions for a waiver of court fees "by reason of poverty." Admin.

3

Directive #03-17, attach. (order).  Our Court established that the minimum threshold for indigency is met for applicants:  "(a) whose household income does not exceed 150% of the federal poverty level (with that level based on the number of members of the individual's household) and (b) who have no more than $2500 in liquid assets, subject to completion of a uniform fee waiver request form."  Ibid. (emphasis added).  The order further provided if a "court determines that the . . . [indigency] motion . . . is frivolous or malicious or constitutes an abuse of process," then it "may deny such waiver of court filing and copy fees."  Ibid.  Pursuant to the order, the Administrative Director of the Courts promulgated Administrative Directive #03-17 (Directive) including "a fee waiver packet" to ensure a "uniform fee waiver request form" for applicants. Id. at 1 (main text of directive).[2]  Thus, a standard process and threshold criteria for waivers of court fees was established.

A trial court's decision to waive the payment of filing fees pursuant to a motion for indigency is within its sound discretion.  R. 1:13-2(a).  The court's decision is afforded "substantial deference and will not be overturned absent an

---

[2] We observe the Administrative Office of the Courts also promulgated a second Supplement to Administrative Directive #03-17, which clarified:  "where an applicant makes a request for a fee waiver, that application must be granted or denied in full."  Admin. Off. of the Cts., Admin. Directive #03-17 Supp., Partial Fee Waivers (Sept. 25, 2017).

abuse of discretion." DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)). Appellate courts discern an abuse of discretion "when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2014)). We review a trial court's conclusions of law de novo. See Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 79 (2024).

II.

We begin by reiterating the fundamental principle that a self-represented litigant is entitled to a waiver of court fees if indigency is demonstrated. On appeal, plaintiff argues he was entitled to an indigency waiver pursuant to Article VI, Section 2, Paragraph 3 of the New Jersey Constitution[3] because he sufficiently documented his "dire financial situation" in compliance with Rule 1:13-2(a) and the order. Further, he argues eligibility was sufficiently established before the court in the underlying matter and that an "ongoing"

---

[3] "The Supreme Court shall make rules governing the administration of all courts in the State and, subject to the law, the practice and procedure in all such courts." N.J. Const. art. VI, § 2, ¶ 3.

waiver "to ensure [future] equitable access to the legal system" should be awarded. His contentions are unsupported.

Plaintiff acknowledges his motion was denied because he failed to submit the necessary indigency documentation. While plaintiff argues he made an "earnest attempt[] to provide" his financial documentation, he fell short of complying with the standard requirements. The record shows plaintiff submitted the correct fee waiver "FORM A," but his form was incomplete, as he did not include the required financial information demonstrating proof of eligibility. The Directive mandates that "litigants seeking a waiver of court fees . . . based on indigence must complete and submit the forms contained in the . . . fee waiver packet." Admin. Directive #03-17, at 2 (emphasis added).

Further, while plaintiff alleged receiving public assistance, he failed to submit documentation addressing the "income and assets standards." Id. at 1. Specifically, plaintiff did not "[p]rovide two months of documentation for [any of] the following: [w]elfare, [p]ublic assistance, [u]nemployment, [d]isability, [s]ocial [s]ecurity, [c]hild [s]upport/[a]limony, other income." Admin. Off. of the Cts., CN 11208, How to File for a Fee Waiver – All Courts 5 (rev. Sept. 2018) [hereinafter Fee Waiver Packet] (attached to Admin. Directive #03-17). Also, plaintiff failed to include six months of bank statements for all of his bank

A-0068-23

accounts as required.  Ibid.  The Directive's packet instructions provide that a "fee waiver application may not be granted if [the applicant] do[es] not include all required income documentation."  Id. at 2.  Further, the "court may request additional income verification, including but not limited to, state and federal tax returns and other sources of income."  Ibid.  Without the completed forms and documentation, the court could not fairly determine whether plaintiff qualified under the indigency financial criteria.

In support of his filed appellate motion for a fee waiver, plaintiff submitted a Camden County Board of Social Services letter, dated July 24, 2023, stating that he was receiving monthly assistance.[4]  Our review of the record shows plaintiff did not submit this letter with his motion before the trial court as he was required to.

The court correctly denied plaintiff's motion without prejudice because "no proof of public assistance [was] attached as required."  Plaintiff is not foreclosed from timely refiling the motion before the court with the certified

---

[4] We note Rule 2:7-1(a) addresses an application on appeal for relief from court fees providing an applicant's petition requesting an indigency determination is first "file[d] with the trial court . . . setting forth the facts relied upon. . . .  If the trial court denies the application, it shall briefly state its reasons therefor, and the petition may be renewed within 20 days thereafter before the appellate court in accordance with R. 2:7-3."

A-0068-23

information and required documentation.  Upon refiling, plaintiff must submit a completed "FORM A," as required by the Directive with his asset and income information, including the monthly amounts of public assistance received.  See id. at 3.  We note the Directive's uniform forms and directions for filing a fee waiver application are on the New Jersey Courts website.  See Court Fees and Fee Waivers, N.J. Cts., https://www.njcourts.gov/self-help/fee-waiver (last visited June 14, 2024).  Additionally, plaintiff must submit with the motion the "[a]ttachments necessary," including "two months of documentation" regarding any income and "six months of bank statements."  Fee Waiver Packet, at 5.

Finally, for the sake of completeness, we address plaintiff's request for an ongoing and permanent finding of indigency.  A permanent determination of indigency is prohibited by a Supplement to Directive #03-17, which provides "that the fee waiver application applies only to the specific case in which the application is filed" and "the duration of a granted fee waiver application is one year after the date of the judgment."  Admin. Off. of the Cts., Admin. Directive #03-17 Supp., Fee Waiver Protocol Applicable to Directive #03-17, at 1 (Mar. 23, 2018); see also R. 2:7-4 ("[A] person who has been granted relief as an indigent by any court shall be granted relief as an indigent in all subsequent proceedings resulting from the same [matter] . . . without making [further]

A-0068-23

application" by "filing with the court in the subsequent proceeding a copy of the order granting such relief or a sworn statement to the effect that such relief was previously granted.").  Further, upon the expiration of an approved fee waiver, "the individual must submit a new application."  Ibid.  Thus, if a court finds a plaintiff is indigent in a matter presently before it, the fee waiver remains for one year after a judgment is entered, but a new application is required for each separate court matter.  A blanket finding of permanent indigency is not afforded.

For these reasons, we discern no abuse of discretion by the court in denying plaintiff's motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0068-23