**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3144-24

ROBERT LEACH, individually and
derivatively on behalf of
GREENBRIAR II HOMEOWNER'S
ASSOCIATION, INC.,

     Plaintiff-Respondent,

v.

STANLEY MISZCZENSKI,
WALTER TUCKER, and
(as nominal defendant),
GREENBRIAR II
HOMEOWNER'S ASSOCIATION,
INC.,

     Defendants-Appellants.

_____

Submitted February 4, 2026 – Decided April 9, 2026

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000182-24.

Becker NE PC, attorneys for appellants (John S. Prisco, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

In this homeowner's association dispute, defendants Greenbriar II Homeowner's Association, Inc. (the HOA), Stan Miszczenski, and Walter Tucker cross-appeal the trial court's denial of a request for sanctions, under the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1, and Rule 1:4-8, defendants made in their successful cross-motion for summary judgment. Perceiving no abuse of discretion, we affirm.

I.

The HOA operates the Greenbriar II development. During a February 26, 2024 public meeting of the HOA's Board of Trustees (Board), plaintiff Robert Leach, who was then a member of the Board, was involved in a confrontation with the president of the HOA's property management company. On March 8, 2024, the Board voted to remove plaintiff from the Board. Miszczenski was then a member and the president of the Board. The Board subsequently appointed defendant Tucker to fill plaintiff's seat.

According to defendants, plaintiff's counsel sent an August 22, 2024 letter to the HOA's counsel, enclosing a draft verified complaint and order to show cause. In the complaint, plaintiff alleged the Board had removed him in

violation of the HOA's bylaws and had wrongfully appointed Tucker to replace him.  He also claimed Miszczenski was improperly serving on the Board because he had been ineligible to run for reelection to the Board in June 2023 due to HOA by-laws setting term limits for Board members.  Plaintiff asserted a February 27, 2023 repeal of the bylaws related to term-limits was invalid.  He sought a judgment reinstating him to the Board, removing Miszczenski and Tucker from the Board, and declaring invalid the portion of a February 27, 2023 Board resolution eliminating the bylaws repealing of term-limits.

After receiving plaintiff's draft pleadings, defendants advised plaintiff's counsel in an August 30, 2024 letter that the pleadings and claims were frivolous pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1 and demanding he withdraw them.  Plaintiff nevertheless filed a verified complaint and an application for an order to show cause on November 6, 2024.  The court denied the application in a December 20, 2024 order.

Plaintiff moved for partial summary judgment, seeking Miszczenski's removal from the Board based on plaintiff's term-limits argument.  Defendants opposed the motion and cross-moved for summary judgment.  In the brief submitted in support of their cross-motion, defendants indicated they also were

seeking sanctions against plaintiff and his counsel in the form of a counsel-fee award pursuant to N.J.S.A. 2A:15-59.1 and Rule 1:4-8.

After hearing argument, the court entered an April 22, 2025 order denying plaintiff's motion for partial summary judgment, granting defendants' cross-motion for summary judgment, and denying defendants' request for sanctions. In a decision placed on the record, the court concluded it was "not going to get involved with sanctions at this time," found plaintiff's actions did not "rise to the level of sanctions," and ordered the parties to bear their own counsel fees.

Plaintiff appealed. We granted defendants' motion to dismiss the appeal in a September 25, 2025 order. Defendants cross-appealed, seeking reversal of the denial of their counsel-fee application.

II.

We review an order addressing a motion for frivolous-lawsuit sanctions under an abuse-of-discretion standard. Wolosky v. Fredon Twp., 472 N.J. Super. 315, 327 (App. Div. 2022). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv.,779 F.2d 1260, 1265 (7th Cir. 1985)). Reversal of a

sanctions order is warranted when the trial court's decision "was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amount[ed] to a clear error in judgment." Ferolito v. Park Hill Ass'n, Inc., 408 N.J. Super. 401, 407 (App. Div. 2009) (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

"Sanctions for frivolous litigation against a party are governed by the frivolous litigation statute, N.J.S.A. 2A:15-59.1." Wolosky, 472 N.J. Super. at 327. "On the one hand, 'the statute serves a punitive purpose, seeking to deter frivolous litigation.'" Toll Bros. v. Twp. of W. Windsor, 190 N.J. 61, 67 (2007) (quoting Deutch & Shur, P.C. v. Roth, 284 N.J. Super. 133, 141 (Law. Div. 1995)). "On the other hand, the statute serves a compensatory purpose, seeking to reimburse 'the party that has been victimized by the party bringing the frivolous litigation.'" Ibid. (quoting Deutch & Shur, 284 N.J. Super. at 141).

Pursuant to the statute, a court may "award reasonable counsel fees and litigation costs to a prevailing party in a civil action if the court determines 'that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.'" Ibid. (quoting N.J.S.A. 2A:15-59.1(a)(1)). A complaint is deemed frivolous if it was:

> "commenced, used or continued in bad faith, solely for
> the purpose of harassment, delay or malicious injury,"

N.J.S.A. 2A:15-59.1(b)(1), or if "[t]he nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law," N.J.S.A. 2A:15-59.1(b)(2).

[Ibid. (alteration in original).]

"Rule 1:4-8 prescribes the procedure for seeking sanctions against an attorney or pro se party who files a frivolous 'pleading, written motion, or other paper.'" Id. at 69 (quoting R. 1:4-8). Before filing a frivolous-litigation motion, the party seeking sanctions must serve a "safe harbor" notice "on the attorney or pro se party, which must include a request that the allegedly frivolous paper [or pleading] be withdrawn." Bove v. AkPharma Inc., 460 N.J. Super. 123, 149-50 (App. Div. 2019) (quoting Toll Bros., 190 N.J. at 69). The motion "must be filed 'no later than [twenty] days following the entry of final judgment.'" Id. at 149 (second alteration in original) (quoting R. 1:4-8(b)(2)). Additionally, a party seeking frivolous-litigation sanctions must "file a separate motion [for the sanction] describing the specific conduct alleged to be a violation of the Rule." Ibid. (alteration in original) (quoting Toll Bros., 190 N.J. at 69).

"Strict compliance with each procedural requirement of Rule 1:4-8 is 'a prerequisite to recovery[,]' and failure to conform to the rule's procedural

requirements will result in a denial of the request for an attorney's fees sanction." Ibid. (alteration in original) (quoting State v. Franklin Sav. Acct. No. 2067, 389 N.J. Super. 272, 281 (App. Div. 2006)). N.J.S.A. 2A:15-59.1 and Rule 1:4-8 are interpreted strictly to ensure that parties are not dissuaded from accessing the courts. DeBrango v. Summit Bancorp, 328 N.J. Super. 219, 226 (App. Div. 2000); Bove, 460 N.J. Super. at 151. The statute and rule are not a "counter-balance to our general rule that each litigant bears his, her or its litigation costs even where there is litigation which is of marginal merit." Venner v. Allstate, 306 N.J. Super. 106, 113 (App. Div. 1997).

Defendants did not strictly comply with the applicable procedural requirements. They sought sanctions before final judgment was entered and sought them not in a separate motion but as part of their cross-motion for summary judgment. See Bove, 460 N.J. Super. at 149; Toll Bros., 190 N.J. at 69. Based on those procedural infirmities, we perceive no abuse of discretion in the court's decision "not . . . to get involved with sanctions at this time." Accordingly, we affirm the denial of defendants' request for sanctions in the April 22, 2025 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

7

A-3144-24