**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2373-22

KARL KOVACS,

      Plaintiff-Appellant,

v.

THE WOOD DUCK POND
NEIGHBORHOOD CONDOMINIUM
ASSOCIATION, INC., LAWRENCE
SMITH, STEVE GLASER, SAM
MURPHY, HUGH THOMAS, PAM
VOLPE, NANCY HERES, ERIC
NIXON, LINDSAY FRIEDMAN,
JACQUIE WAEBER, and RICH
COSTA,

      Defendants-Respondents.

_____

Submitted September 11, 2024 – Decided September 18, 2024

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0787-22.

Karl Kovacs, appellant pro se.

Stark & Stark, PC, attorneys for respondent (John S. Prisco, of counsel and on the brief).

PER CURIAM

Plaintiff Karl Kovacs appeals from a January 23, 2023 order denying his motion to strike the answer filed by defendants Wood Duck Pond Neighborhood Condominium Association, Inc. (Association) and the Board of Trustees for the Association (Board), denying plaintiff's motion to disqualify defendants' attorney, and granting defendants' cross-motion for summary judgment. We affirm.

We briefly summarize the facts from the motion record. Plaintiff owns a condominium unit located on Wood Duck Pond Road (unit) and, as such, is a member of the Association. In 2012, plaintiff requested the Association remediate several issues regarding his unit, including a water infiltration problem. The Association declined and explained plaintiff was responsible for the repairs. The Association further informed plaintiff that his unit violated the Association's rules and regulations.

In 2013, the Association hired an engineering firm to inspect plaintiff's unit. Plaintiff refused to allow the inspection. As a result, the Association filed suit in 2013 against plaintiff to allow its engineer to inspect the interior of plaintiff's unit and undertake repairs if necessary (2013 action).

2

On January 28, 2014, during the pendency of the 2013 action, plaintiff allowed the Association's engineer to inspect the interior of his unit. The Association's engineer found no evidence of water infiltration into plaintiff's unit and concluded any reported problem was unrelated to the building's exterior components and thus not the Association's responsibility to repair.

On January 21, 2015, the judge handling the 2013 action ordered plaintiff to comply with the Association's rules and regulations. In addition, the judge entered judgment against plaintiff in the amount of $36,063.71, representing attorney's fees incurred by the Association in the 2013 action. Plaintiff appealed the judgment.

While the appeal was pending, plaintiff and the Association settled the 2013 action. Pursuant to the settlement, the parties agreed plaintiff had completed all necessary repairs in accordance with the Association's rules and regulations, and the Association agreed to waive the awarded attorney's fees. In a July 30, 2015 order, this court vacated the portion of the January 21, 2015 order awarding attorney's fees to the Association and dismissed plaintiff's appeal.

In 2022, almost seven years after resolving the 2013 action, plaintiff filed a complaint against the Association and Board asserting tort and contract-related

claims (2022 action). In the 2022 action, plaintiff alleged the Association's failure to make repairs caused extensive water and other damage to his unit, the Association devalued his unit by removing nearby trees, and the Association committed other illegal or tortious acts before, during, and after the 2013 action.

Plaintiff then filed motions to strike defendants' answer and remove defense counsel. Defendants opposed those motions and moved for summary judgment. In a January 23, 2023 order, Judge Haekyoung Suh denied plaintiff's motions and granted defendants' motion. In a detailed written statement of reasons, Judge Suh concluded several of plaintiff's claims were barred by the statute of limitations. She further determined other claims raised by plaintiff in the 2022 action were barred by the doctrines of issue and claim preclusion or the entire controversy doctrine. Additionally, Judge Suh concluded plaintiff "failed to articulate a legal basis or any competent evidence to defend against defendants' . . . motion for summary judgment."

On appeal, plaintiff contends Judge Suh erred in denying his motion to strike defendants' answer and declining to remove defendants' counsel from representing defendants. He further argues Judge Suh erred in granting defendants' motion for summary judgment because discovery was incomplete, her application of the doctrines of claim and issue preclusion was improper, the

doctrine of continuing violation overcame the applicable statutes of limitations, and there was sufficient evidence to survive summary judgment. We reject these arguments.

We first note plaintiff's brief and appendix failed to cure deficiencies cited in the July 24, 2023 letter from the Clerk's Office. In a November 30, 2023 order, we granted plaintiff's motion to accept his brief submitted on October 20, 2023, and appendix submitted on November 13, 2023, for filing "as is." In allowing the filing of plaintiff's brief and appendix "as is," the order did not imply this court would overlook the deficiencies in plaintiff's brief and appendix, including plaintiff's submission of documents not part of the record before the trial court,[1] failure to provide a transcript of the proceedings before the trial court,[2] and omission of the required statement of items submitted to the trial court regarding defendants' summary judgment motion.[3] Although plaintiff

---

[1] See Scott v. Salerno, 297 N.J. Super. 437, 447 (App. Div. 1997) (holding "appellate review is confined to the record made in the trial court, and appellate courts will not consider evidence submitted on appeal that was not in the record before the trial court") (citations omitted).

[2] Rules 2:5-4(a) and 2:6-12 require the appellant to file stenographic transcripts of the proceedings before the trial court.

[3] "If the appeal is from a disposition of a motion for summary judgment, the appendix shall also include a statement of all items submitted to the court on the

is self-represented on appeal, he is bound by the same court rules as an attorney. See Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997) ("[S]tatus as a pro se litigant in no way relieves [the litigant] of [the] obligation to comply with . . . court rules.").

Notwithstanding the numerous deficiencies in plaintiff's brief and appendix, we address plaintiff's arguments on the merits. In rejecting plaintiff's arguments, we affirm for the written statement of reasons provided by Judge Suh. We add only the following comments.

We review a trial court's grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c).

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving

---

summary judgment motion and all such items shall be included in the appendix . . . ." R. 2:6-1(a)(1).

A-2373-22

party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540). "Summary judgment should be granted, in particular, 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman, 242 N.J. at 472 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

We find no merit to plaintiff's contention that outstanding discovery precluded Judge Suh's entry of summary judgment for defendants. '"[S]ummary judgment is not premature merely because discovery has not been completed, unless' the non-moving party can show "'with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action."'" Friedman, 242 N.J. at 472 (alteration in original) (quoting Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015)).

Here, plaintiff failed to identify the discovery necessary to support his claims. Plaintiff had nearly ten years to collect evidence supporting the 2022

action.  Plaintiff simply proffered speculation and personal beliefs rather than admissible evidence to support his allegations.

"'[U]nsubstantiated inferences and feelings' are not sufficient to support or defeat a motion for summary judgment."  Petersen v. Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011) (quoting Oakley v. Wianecki, 345 N.J. Super. 194, 201 (App. Div. 2001)).  "In addition, '[b]are conclusions in the pleadings, without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'"  Ibid. (alteration in original) (quoting U.S. Pipe & Foundry Co. v. Am. Arb. Ass'n, 67 N.J. Super. 384, 399-400 (App. Div. 1961)).  A party opposing a motion for summary judgment must provide "competent evidential materials," including "depositions, answers to interrogatories and admissions on file, together with the affidavits, if any."  Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 544 (App. Div. 2001) (quoting Brill, 142 N.J. at 540); R. 4:46-2(c).

Plaintiff failed to proffer competent evidence in support of the claims asserted in the 2022 action.  Nor did plaintiff provide any evidence, beyond his own conjecture and belief, in opposing defendants' motion for summary judgment.  Absent such evidence, Judge Suh properly granted summary judgment to defendants.

We also reject plaintiff's argument that Judge Suh erred in denying his motion to strike defendants' answer. Plaintiff failed to cite any court rule, statute, or case law in support of his motion to strike defendants' answer based on a lack of "standing." Nor does plaintiff cite any legal basis or evidence in support of his application to preclude defense counsel from representing defendants in this matter.

To the extent we have not addressed any arguments raised by plaintiff, the arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2373-22